GREGORY K. JONES, State Bar No. 181072
  gjones@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
10100 N. Santa Monica Blvd., Suite 1450
Los Angeles, CA 90067
Telephone: 424-214-7000
Facsimile: 424-214-7010

Proposed Counsel for Debtor
GRDN Hospitality, LLC

**FILED & ENTERED**

**AUG 07 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell  **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DIVISION OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GRDN HOSPITALITY, LLC,<br>                              Debtor. | Case No. 2:25-bk-16321-DS<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS**<br><br>Hearing:<br>Date:    July 31, 2025<br>Time:   3:00 p.m.<br>Place:  Courtroom 1639<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

A hearing was held at the above time and place on the "Emergency Motion for Authority to Use Cash Collateral on an Interim and Final Basis" (the "Motion," Docket No. 18) filed by debtor GRDN Hospitality, LLC (the "Debtor"). Appearances were noted on the record. Based on the Motion, the record in this case, the arguments of counsel at the hearing, and for the reasons stated on the record at the hearing,

IT IS HEREBY ORDERED that the Motion is granted on an interim basis as follows:

1. The Motion is granted on an interim basis.

2. The Debtor is authorized to use cash collateral on an interim basis pending a final hearing to pay the expenses in accordance with the budget (the "Budget") attached as Exhibit C to the Declaration of Nicole Torres attached to the Motion, with authority to exceed the amounts set forth in the Budget by 15% of the Budget total.

STRADLING YOCCA
CARLSON & RAUTH

3. Live Oak Bank ("Live Oak") will have and is granted by the Debtor, as adequate protection, post-petition security interests and replacement liens pursuant to §§ 361 and 363(e) of the Bankruptcy Code ("Post-Petition Lien") in all of the Debtor's assets, including accounts receivable and inventory, and in the Debtor's DIP accounts, acquired after the Petition Date to the extent of any cash collateral used, with such liens being of the same extent, priority, and validity of Live Oak's pre-petition security interests, provided however such replacement liens will not extend to any avoiding power claims arising under the Bankruptcy Code. Each Post-Petition Lien will have priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code.

4. Except as otherwise provided herein, the terms and provisions of this order are immediately valid and binding upon the Debtor, Live Oak, all other creditors of the Debtor, any committee, and all parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor's estate.

5. A final hearing on the Motion will be held on September 4, 2025 at 1:00 p.m. Any opposition to granting the Motion on a final basis must be filed and served no later than August 21, 2025. Any reply by the Debtor to any opposition must be filed and served no later than August 28, 2025.

6. Reports and Inspection:

   a. The Debtor must provide, no later than August 12, 2025, the following information to Live Oak:

      1. 2024 Year End Financials (Profit and Loss and Balance Sheet);

      2. 2025 Year to Date Financials (Profit and Loss and Balance Sheet);

      3. A current schedule of debts, accounts receivable, and accounts payable;

      4. A current inventory report;

      5. Current WIP reports; and

      6. Other financial reports, upon request.

   b. Upon reasonable notice, the Debtor agrees to permit Live Oak to inspect the Debtor's business location(s), Live Oak's Collateral, and the books and records of the Debtor.

Upon reasonable notice, Live Oak, its representatives, employees, consultants and attorneys must be granted access to the Debtor's business location(s) for purposes of inspection and appraisal, and Debtor must advise Live Oak upon request, of the location of the Collateral and the DIP Accounts.

###

Date: August 7, 2025

_____
Deborah J. Saltzman
United States Bankruptcy Judge

STRADLING YOCCA
CARLSON & RAUTH

-2-