| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>GREGORY K. JONES, State Bar No. 181072<br> gjones@stradlinglaw.com<br>STRADLING YOCCA CARLSON & RAUTH LLP<br>10100 N. Santa Monica Blvd., Suite 1450<br>Los Angeles, CA 90067<br>Telephone:  424-214-7000<br>Facsimile:  424-214-7010 | FOR COURT USE ONLY |
| ☐  Individual *appearing without an attorney*<br>☒  *Attorney for:*  GRDN Hospitality, LLC | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

</div>

| | |
|---|---|
| In re:<br><br>GRDN Hospitality, LLC, d/b/a Three Weavers Brewing Company,<br><br><div align="right">Debtor(s)</div> | CASE NO.: 2:25-bk-16321-DS<br>CHAPTER: 11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1]):<br> DEBTOR'S AMENDED CHAPTER 11<br> SUBCHAPTER V PLAN |

PLEASE TAKE NOTE that the order titled    ORDER CONFIRMING DEBTOR'S AMENDED CHAPTER 11 SUBCHAPTER V  PLAN

was lodged on (*date*)    07/06/2026    and is attached.  This order relates to the motion which is docket number  123 .

---

[1]  Please abbreviate if title cannot fit into text field.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

 **Bankruptcy LODGED ORDER UPLOAD FORM**

Monday, July 06, 2026

Upload Again

CONFIRMATION :

You've successfully uploaded the order:
( **11351867.docx** )
A new order has been added

- **Office**:  Los Angeles
- **Case Title**:  GRDN Hospitality, LLC
- **Case Number**:  25-16321
- **Judge Initial**:  DS
- **Case Type**:  bk ( Bankruptcy )
- **Document Number**:  123
- **On Date**:  07/06/2026 @ 03:05 PM

Please print 🖨 this confirmation for future reference.

Thank You!

United States Bankruptcy Court,  Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street, Los Angeles, CA 90012

GREGORY K. JONES, State Bar No. 181072
   gjones@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
10100 N. Santa Monica Blvd., Suite 1450
Los Angeles, CA 90067
Telephone:  424-214-7000
Facsimile:  424-214-7010

Counsel for Debtor
GRDN Hospitality, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DIVISION OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In Re : | Case No. 2:25-bk-16321-DS |
| GRDN Hospitality, LLC, d/b/a Three Weavers Brewing Company, | Chapter 11 |
| Debtor. | **ORDER CONFIRMING DEBTOR'S AMENDED CHAPTER 11 SUBCHAPTER V PLAN** |
| | <u>Confirmation Hearing:</u> |
| | Date:   June 18, 2026<br>Time:   1:00 p.m.<br>Place:  Courtroom 1639<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

STRADLING YOCCA
CARLSON & RAUTH

A hearing was held at the above time and place (the "Confirmation Hearing") on the "Debtor's Amended Chapter 11 Subchapter V Plan" (the "Plan") [Docket No. 123] filed by the debtor and debtor in possession GRDN Hospitality, LLC, d/b/a Three Weavers Brewing Company, LLC (the "Debtor")[1] in the above captioned chapter 11, subchapter V bankruptcy case (the "Bankruptcy Case"). Appearances were noted on the record.

The Court has reviewed and considered the Plan, all notices, exhibits, declarations, and other documents filed in support thereof and in response hereto, the record in this case, and the arguments and representations of counsel at the Confirmation Hearing.  No objections to the Plan were filed.  Based on this record and for the reasons stated on the record at the Confirmation Hearing, the Court has determined that the Plan satisfies the requirements of § 1191(a)[2] and meets all applicable requirements of Bankruptcy Code §§ 1122, 1123, 1125, 1129, 1190, and 1191(b), and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The Plan is confirmed pursuant to § 1191(a), and the Plan is incorporated into this Confirmation Order by reference as if it had been attached hereto as an Exhibit.  In the event of any inconsistency between the Plan and the provisions of this order (the "Confirmation Order"), the provisions of this order are controlling.

2.     The Debtor or the Reorganized Debtor, as the case may be, is authorized to execute and deliver any and all documents and instruments and take any and all actions necessary or desirable to implement the Plan, this Confirmation Order, and any other transactions contemplated under those documents.  To effectuate these transactions and the Plan, the Debtor or Reorganized Debtor, as

---

[1]     Capitalized terms not defined herein are used as defined in the Plan.

[2]     All references to "§" without reference to a specific code are references to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

-1-

4919-8347-7943v1/105909-0004

the case may be, is authorized – without any further notice or application to or order of this court – to execute, deliver, file, or record any documents and take any other actions that are necessary or desirable to implement the Plan and this Confirmation Order, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation Order.  To the extent that, under applicable nonbankruptcy law, any of these actions otherwise would require the consent or approval of the shareholder of the Debtor or Reorganized Debtor, this Confirmation Order constitutes that consent and approval.

3.      For the avoidance of doubt, during the 60-month term of the Plan, the Reorganized Debtor will make Total Plan Payments to holders of allowed claims in the manner and priority described in the Plan.  The Debtor may prepay any group or class of allowed claimholders early, without penalty.

4.      The Reorganized Debtor will have the sole authority and standing to file any objections to claims, and the Court retains jurisdiction over the Debtor, the Reorganized Debtor, and the Bankruptcy Case to resolve such objections to claims. To the extent that a claim is subject to dispute at the time of any distribution, such creditor will not receive any distribution on the claim, and if such claim is eventually allowed, the creditor will receive payment of the amount previously withheld, subject to adjustment to the extent the allowed amount of such claim is below or above the amount the Debtor had calculated for purposes of setting aside the distribution on account of such claim.

5.      The Effective Date of the Plan will be 15 business days following the date of entry of this Confirmation Order and the satisfaction or waiver by the Debtor of the condition on the Effective Date that (a) there not be any stay in effect with respect to this Confirmation Order; and (b) this Confirmation Order is not the subject of any appeal or rehearing.

6.      Except as otherwise provided in this Confirmation Order or the Plan, the treatment set forth in the Plan will be in full and complete satisfaction of the

STRADLING YOCCA
CARLSON & RAUTH

-2-

4919-8347-7943v1/105909-0004

legal, contractual, and equitable rights that each entity holding a claim or an equity interest may have in or against the Debtor, the Estate, the Reorganized Debtor, or any of their respective property.  This treatment supersedes and replaces any agreements or rights those entities may have in or against the Debtor, the Estate, the Reorganized Debtor, or any of their respective property.

7.     Claimholders will not receive any distribution from the Estate or the Reorganized Debtor other than as specifically set forth in the Plan.  The amounts of actual distributions made under the Plan on account of Class 3 – General Unsecured Claims are subject to the amounts distributed to Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Unsecured Priority Claims.

8.     Pursuant to Article V.C of the Plan, the Reorganized Debtor will serve as the disbursing agent for the purpose of making all payments provided for in the Plan.

9.     The provisions of the Plan and this Confirmation Order are binding on the Debtor, the Reorganized Debtor, the Estate, the Trustee and any and all of the Estate's creditors, equity holders, and/or any other claim and/or interest holder, whether or not:  (i) a proof of claim based on such a debt was filed or deemed filed under § 501; (ii) such claim is allowed under § 502; or (iii) the holder of such claim has accepted the Plan.

10.     Any judgment at any time obtained in any other court, to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt that is discharged under the Plan, is void without further action required by any parties.

11.     Upon payment in full of the Class 1 Allowed Secured Claim of Live Oak Bank ("Live Oak"), Live Oak's lien against the collateral securing its allowed claim will be deemed void and of no further effect.  Notwithstanding the foregoing, upon the Reorganized Debtor's completing the payments set for the Class 1

4919-8347-7943v1/105909-0004

Allowed Secured Claim of Live Oak, or any other successor to Live Oak with respect to its allowed secured claim, Live Oak (or its successor) must promptly prepare and record with the California Secretary of State's office a UCC-3 termination statement, terminating its lien against all collateral securing its Allowed Secured Claim.

12. Following the entry of this Confirmation Order, any professional fees and costs that the Reorganized Debtor incurs after the Effective Date will be paid in the ordinary course of business and without the need for court approval. However, any professional fees and costs incurred prior to the Effective Date will remain subject to court review and approval, following the filing of the appropriate pleadings and hearings. Applications for allowance and payment of professionals' fees and costs incurred prior to the Effective Date must be filed by no later than 30 days after entry of this Effective Date.

13. Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the court will retain jurisdiction over the Bankruptcy Case after the Effective Date as set forth in the Plan, to the fullest extent permitted by law in a plan confirmed under § 1191.

14. No later than October 13, 2026, the Reorganized Debtor must file a status report explaining what progress has been made toward consummation of the confirmed Plan. The initial report must be served on the United States Trustee, the Trustee, Live Oak, holders of Allowed Priority Claims, the 20 largest unsecured creditors, and those parties that have requested special notice. Further reports must be filed every 120 days thereafter and served on the same entities, unless otherwise ordered by the court until such date as the Plan is substantially consummated. A post-confirmation status conference will be held on October 20, 2026 at 1:00 p.m. (Pacific Time) in courtroom 1639, 255 East Temple Street, Los Angeles, CA 90012.

STRADLING YOCCA
CARLSON & RAUTH

-4-

4919-8347-7943v1/105909-0004

15.     To the maximum extent permitted by law, neither the Debtor, Lynne Weaver, nor any of the professionals employed or retained by the Debtor in this case, shall have or incur any liability from any person or entity from the Petition Date to the Effective Date of the Plan for any act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, except for willful misconduct or gross negligence, fraud or malpractice as construed under CA PRC 1.8.8.

16.     Once the Plan has been substantially consummated, or as otherwise appropriate, the Reorganized Debtor, or such other party as may be proper, may move the court, pursuant to § 350 of the Bankruptcy Code and Bankruptcy Rule 3022, for a final decree and order closing the Bankruptcy Case.

<div align="center">###</div>

STRADLING YOCCA
CARLSON & RAUTH

<div align="center">-5-</div>

4919-8347-7943v1/105909-0004

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 N. Santa Monica Blvd., Suite 1450, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)   ____07/06/2026____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached Service List

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   __07/06/2026____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
VIA FEDERAL EXPRESS
The Honorable Deborah J. Saltzman
United States Bankruptcy Court, Central District of California, Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/06/2026 | Suzanne Johnson | /s/ Suzanne Johnson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## *SERVICE LIST*

**2:25-bk-16321-DS Notice will be electronically mailed to:**

*Matthew Botting on behalf of Creditor Sunset Distributing LLC*
*matt.botting@yahoo.com*

*Howard Camhi on behalf of Creditor Manchester Business Park LLC*
*hcamhi@mrllp.com,*
*bankruptcy@mrllp.com;camhihr98234@notify.bestcase.com;wgenovese@mrllp.com*

*Moriah Douglas Flahaut (TR)*
*df@echoparklegal.com, C194@ecfcbis.com;fritz@echoparklegal.com*

*Matthew C. Heyn on behalf of Creditor California Department of Tax and Fee*
*Administration*
*Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com*

*Razmig Izakelian on behalf of Creditor LA Clippers LLC*
*razmigizakelian@quinnemanuel.com*

*Gregory K Jones on behalf of Debtor GRDN Hospitality, LLC*
*gjones@stradlinglaw.com, smjohnson@sycr.com;smjohnson@stradlinglaw.com*

*Raffi Khatchadourian on behalf of Creditor Alliance Funding Group*
*raffi@hemar-rousso.com*

*Raffi Khatchadourian on behalf of Interested Party Courtesy NEF*
*raffi@hemar-rousso.com*

*Bernard J Kornberg on behalf of Creditor Live Oak Banking Company*
*bernie.kornberg@millernash.com, edgar.rosales@millernash.com*

*Carissa A Lynch on behalf of Creditor CA Franchise Tax Board*
*Carissa.Lynch@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov*

*Noreen A Madoyan on behalf of U.S. Trustee United States Trustee (LA)*
*Noreen.Madoyan@usdoj.gov*

*United States Trustee (LA)*
*ustpregion16.la.ecf@usdoj.gov*